UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL TRUJILLO,<br><br>    Petitioner,<br><br>    v.<br><br>M. STAINER, Warden,<br><br>    Respondent. | Case No.: 1:12-cv-00817-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS (Doc. 10)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER GRANTING PETITIONER'S MOTIONS TO TAKE NOTICE OF STATEMENT OF CASE FOR RELIEF  (Docs. 7 & 11) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on May 18, 2012.  (Doc. 1).  On May 23, 2012, the Court ordered Respondent to file a response.  (Doc. 3).  On May 31, 2012, Petitioner filed a motion to take notice of statement of case for relief.  (Doc. 8).  Petitioner filed another, quite similar motion on August 13, 2012. (Doc. 11).  On July 19, 2012, Respondent filed the instant motion to dismiss, contending that the claims in the petition have not been exhausted in state court and that, therefore, the petition should be dismissed.  (Doc. 10).  On August 13, 2012, Petitioner filed his opposition to the motion to dismiss.

1

1  (Docs. 12 & 13).  On August 21, 2012, Respondent filed a reply to Petitioner's opposition.  (Doc. 14).

## DISCUSSION

A.  <u>Procedural Grounds for Motion to Dismiss</u>

As mentioned, Respondent has filed a Motion to Dismiss the petition because it contains unexhausted claims.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Respondent's contention that Petitioner has never presented his claims to the California Supreme Court.  Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.  <u>O'Bremski</u>, 915 F.2d at 420.

B.  <u>Exhaustion.</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

3

C. <u>Positions of the Parties</u>.

Petitioner is serving a prison sentence of 14 years as a result of an April 8, 2005 conviction in the Los Angeles County Superior Court for assault with a deadly weapon. (Doc. 1, p. 1). The petition raises the following claims: (1) Petitioner is being unlawfully denied credits under California law that have resulted in the lengthening of his sentence by fifteen months; and, (2) on December 4, 2008, Respondent wrongfully classified Petitioner as a member of a prison gang, removed him from the general prison population to the Secure Housing Unit ("SHU"), and thereby impaired Petitioner's credit-earning capacity. (Doc. 1, pp. 4-8).

Respondent has lodged documents with the Court establishing that Petitioner has initiated only two proceedings in the California Supreme Court. The first, case no. S153947, was terminated in 2007, well before the claims in the instant petition arose in 2008, and therefore irrelevant to the discussion herein. (Doc. 10, Ex. 2). The second action, in case no. S200590, was an attempt by Petitioner to file an untimely petition for review after his state habeas petition had been denied by the California Court of Appeal. (Doc. 11, p. 11; Doc. 10, Ex. 3). On February 28, 2012, Petitioner alleges he placed in the hands of prison authorities a petition for review in the California Supreme Court, which was subsequently delivered to that court. (Doc. 11, p. 11). By letter of March 5, 2012, Petitioner was notified by the Clerk of the California Supreme Court that February 20, 2012 had been the last day to file a petition for review with that court from the California Court of Appeal's February 10, 2012 order denying his state habeas petition. (Doc. 11, p. 20). The Clerk advised Petitioner that the court could, for good cause, permit a late filing upon Petitioner's submission of an Application for Relief from Default filed no later than March 12, 2012, and that, after that date, the high court would lose jurisdiction. (<u>Id</u>.). However, the Clerk also notified Petitioner that, subsequent to March 12, 2012, he could file a petition for writ of habeas corpus and enclosed a form petition for Petitioner to fill out. (<u>Id</u>.).

Petitioner appears to have submitted an Application for Relief from Default on March 14, 2012. (Doc. 11, p. 22). However, because the state supreme court had lost jurisdiction on March 12, 2012, the Clerk of the Court sent Petitioner a letter, dated March 15, 2012, explaining the court's loss

4

1  of jurisdiction and the subsequent inability of the court to grant any relief. (Id.). It does not appear
2  that Petitioner ever followed the Clerk's advice to file a state habeas petition in the California Supreme
3  Court.
4    In his opposition to the instant motion to dismiss, Petitioner complains that lack of access to
5  the prison law library prevented him from filing a timely Application for Relief from Default. (Doc.
6  11, p. 11).[1] In that same opposition, Petitioner argues that the "mailbox" rule should be applied to
7  make his "constructive" filing in the California Supreme Court timely and thus exhaust his claims.
8  (Id., p. 4). Petitioner also contends that "extraordinary circumstances beyond [his] control," i.e., lack
9  of access to the prison law library, prevented him from timely filing his motion for relief in the
10 California Supreme Court. (Doc. 12, p. 5). Respondent's reply argues that Petitioner's opposition
11 essentially concedes that no decision on the merits of Petitioner's claims was ever issued by the
12 California Supreme Court, and thus the claims remain unexhausted. (Doc. 14, p. 2). Moreover,
13 Respondent argues, Petitioner has never explained why he did not pursue a state habeas petition in the
14 high court in order to present his claims and exhaust them in that manner. (Id.).
15    D.  The Claims Are Unexhausted.
16    As a general rule, a petitioner satisfies the exhaustion requirement by "fairly presenting" his
17 federal claims to the appropriate state court in the manner required by the state courts, thereby
18 affording those state courts a meaningful opportunity to consider allegations of legal error. Casey v.
19 Moore, 386 F.3d 896, 915-916 (9th Cir. 2004). When a habeas petition is denied because of
20 procedural defects that may be remedied in state court, the claims have not been "fairly presented" to
21 the state court and are not exhausted. See Harris v. Superior Court, 500 F.2d 1124, 1126 (a9th Cir.
22 1974). The action must be dismissed unless the federal court makes an independent determination that
23 the claims were "fairly presented" to the state court despite the procedural denial. See Kim v.
24 Villalobos, 799 F.2d 1317, 1319-1320 (9th Cir. 1986)(holding that petitioner's claims had been fairly
25 presented to California Supreme Court despite rejected of petition for lack of specificity where

---

[1] On August 13, 2012, Petitioner filed three separate, but related documents opposing the instant motion to dismiss. (Docs. 11, 12 & 13). Despite the captions of these documents, all obviously are directing at opposing the motion to dismiss. Accordingly, the Court will construe all three documents collectively as Petitioner's "opposition" to the motion to dismiss.

1  petitioner had twice filed habeas petitions with California Supreme Court and could not articulate
2  claims with any greater particularity than had already been done).

3        If a petitioner's available state remedies have not been exhausted as to all claims, the district
4  court must dismiss the petition.  <u>See Rose</u>, 455 U.S. at 510; <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th
5  Cir. 1988).  A dismissal solely for failure to exhaust is not a bar to returning to federal court after
6  exhausted available state remedies.  <u>See Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir.
7  1995).

8        Here, Petitioner did not "fairly present" his claims for review to the California Supreme Court.
9  The letters from the Clerk of the Court reflect that Petitioner's petition for review was rejected initially
10 as untimely, but that Petitioner was advised he could file either an Application for Relief from Default
11 on or before March 12, 2012 *or a petition for writ of habeas corpus*.  The Clerk sent Petitioner a form
12 habeas petition to that end.  However, Petitioner then filed his Application for Relief from Default on
13 March 14, 2012, two days after the high court lost jurisdiction to provide Petitioner any relief.
14 Petitioner never filed a habeas petition in that court.  Submitting a claim or claims to a state's highest
15 court in a procedural context in which the claims' merits normally will not be considered does not
16 constitute fair presentation.  <u>Castille v. Peoples</u>, 489 U.S. 346, 351, 109 S.Ct. 1056 (1989); <u>Roettgen v.
17 Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1994).  To satisfy the requirement that a habeas petitioner "fairly
18 present" his or her claims to the state's highest court, Petitioner must present his claims "through the
19 proper vehicle."  <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 668 (9th Cir. 2005); <u>see also Powell v.
20 Lambert</u>, 357 F.3d 871, 874 (9th cir. 2004)("In presenting his claims to the state court, a petitioner
21 must comply with state procedural rules.").

22       Thus, the mere act of sending a procedurally defective set of claims to the California Supreme
23 Court does not, for exhaustion purposes, constitute "fairly presenting" those claims to the state court,
24 because Petitioner still could have done so by way of a petition for a writ of habeas corpus, as directed
25 by the Clerk of the Court.  <u>Davis v. Adams</u>, 2010 WL 1408290, *2 (C. D. Cal. March 3,
26 2010)(unpublished)(presentation through untimely petition for review does not exhaust claims); <u>Rojas
27 v. Vasquez</u>, 2009 WL 506478 (C.D. Cal. Feb. 24, 2009), *3 (unpublished)(same); <u>Davis v. Evans</u>,
28

2009 WL 2390849 (C.D. Cal. Aug. 3, 2009)(unpublished)(same); Lujan v. Davis, 2008 WL 783366 (N.D. Cal. March 25, 2008), *2 (unpublished) (same); Stephenson v. Campbell, 2005 WL 3500606 (E.D.Cal. Dec. 20, 2005), *1 (unpublished)(same). But see Jackson v. Hornbreak, 2010 WL 235063 (E.D. Cal. Jan. 21, 2010)(unpublished) (state supreme court should have construed petition for review as habeas petition and timely filed same); Miranda v. Carey, 2007 WL 250447 (E.D. Cal. Aug. 30, 2007) (unpublished) (same).[2]

Petitioner's claim that his lack of access to the prison law library and the state supreme court's unreasonable refusal to file his petition for review constitute extraordinary circumstances beyond his control appear to be an attempt by Petitioner to argue for some form of equitable relief. (Doc. 11, p. 11; Doc. 12, p. 5). As to the former contention, even assuming that lack of access to the prison law library would relieve an inmate of the exhaustion requirement, Petitioner has failed to show that, but for his lack of access to the prison law library, he would have exhausted his claims. Indeed, such a showing seems improbable at best since Petitioner was given the opportunity to file a state habeas petition that would exhaust his claims but chose not to. As to the latter contention, the Court has already addressed the state supreme court's refusal to file the document and concluded that the state court's decision was neither unreasonable nor improper. Accordingly, it cannot be a basis for granting equitable relief.

Petitioner also contends that he should have been afforded the latitude of the "mailbox rule" in habeas cases that would have made his petition for review timely. In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised

---

[2] The latter two cases, by presuming to tell the state supreme court how to implement its own filing standards and how to apply its own state procedural rules, appears to operate on the presumption that the federal district court knows the state supreme court's job better than the state supreme court. This is a presumption in which this Court will not indulge. The state supreme court has considered the document proffered by Petitioner, has taken it at face value as a petition for review, has applied its own rules scrupulously to that document, and has, thereafter, provided Petitioner with accurate information regarding his legal options for obtaining relief from that court, including the filing of a state habeas petition. Petitioner chose not to pursue the latter course and, instead, chose to challenge the state court's refusal to file his petition for review despite its tardiness. In light of these circumstances, the Court does not find it appropriate to school the California Supreme Court on how to do its own business.

1 on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom
2 he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203
3 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state
4 and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250
5 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).
6 However, the "mailbox rule" applies to state and federal habeas proceedings, not to the filing of a
7 petition for review in the state court. Moreover, it is applied in order to calculate whether a state
8 inmate seeking federal habeas corpus review has timely filed his federal petition under 28 U.S.C. §
9 2244(d)(1), not whether the state court has properly applied its own procedural rules in a non-habeas
10 proceeding. Accordingly, the "mailbox rule" has no relevance to the factual context in which
11 Petitioner seeks to have it applied.

12   From the foregoing, the Court concludes that Petitioner has not presented any of his claims to
13 the California Supreme Court as required by the exhaustion doctrine. See Kim, 799 F.2d at 1319
14 (claims unexhausted where denial on procedural grounds can be cured in a renewed state petition).
15 Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the
16 Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th
17 Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot
18 consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. at 521-22; Calderon, 107
19 F.3d at 760. Therefore, Respondent's motion to dismiss should be granted and the petition should be
20 dismissed for lack of exhaustion.

21   Additionally, the Court construes Petitioner's two "motions" to take notice of the statement of
22 case for relief [sic] (Docs. 7 & 11), as a request to expand the record and provide additional legal and
23 factual arguments regarding exhaustion. So construed, the Court will grant those motions and has
24 therefore included in the record those documents and exhibits submitted by Petitioner. The Court has
25 also considered the arguments made by Petitioner in those "motions" and has found them to be
26 without merit vis-à-vis Petitioner's failure to exhaust his claims in state court.
27 ///
28

**ORDER**

For the foregoing reasons, the Court HEREBY CONSTRUES Petitioner's two motions to take notice of statement of case for relief (Docs. 7 & 11), as requests to expand the record to include the documents contained therein and to supplement Petitioner's case with the legal arguments contained therein, and, so construed, GRANTS those motions. The record is deemed expanded to include the documents submitted with those motions and the arguments contained therein.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 10), be GRANTED and the habeas corpus petition be DISMISSED for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 8, 2012**          **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE